## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| STEPHEN P. KELLY,<br><br>          Plaintiff,<br><br>vs.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation; KYLE SPENCER, in his official capacity; and ALAN HANSEN, in his official capacity,<br><br>          Defendants. | CV 20-56-BU-BMM-JTJ<br><br><br>**FINDINGS AND RECOMMENDATIONS** |

Plaintiff Stephen P. Kelly (Kelly) has filed this action pro se. (Doc. 2). Kelly alleges that the Defendants have refused to terminate his membership in The Church of Jesus Christ of Latter-Day Saints, and have deprived him of his official church records. (Doc. 2 at 15-16). Kelly seeks declaratory relief, injunctive relief and damages. (Doc. 2 at 2). Kelly has invoked this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 2 at 5).

The Court has an obligation to determine *sua sponte* whether subject matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 583 (1999). A federal court's diversity jurisdiction extends to "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

and costs" and the controversy "is between . . . citizens of different states."

28 U.S.C. § 1332(a)(1).

Kelly has failed to properly plead diversity jurisdiction for several reasons. First, Kelly fails to allege his citizenship and the citizenship of the individual Defendants Kyle Spencer (Spencer) and Alan Hansen (Hansen). Kelly alleges only his residence and the residence of Spencer and Hansen. An allegation of residence is insufficient to invoke diversity jurisdiction. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 310 (5th Cir. 2002).

Second, Kelly alleges that he, Spencer and Hansen are residents of Montana. Diversity jurisdiction exists only if the plaintiff is a citizen of a different state than each of the defendants. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004).

Third, Kelly fails to allege whether the amount in controversy exceeds $75,000, exclusive of interest and costs.

Therefore, IT IS HEREBY RECOMMENDED that this action be dismissed for lack of jurisdiction on February 19, 2021, unless Kelly files an amended complaint on or before February 16, 2021, that properly alleges jurisdiction.

## <u>Notice of Right to Object to Findings and Recommendations</u>

Kelly is advised that he may file written objections to these Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 22nd day of January, 2021.

John Johnston
United States Magistrate Judge