FEB 08 2021
Clerk, U.S. Courts
District of Montana
Missoula Division

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BUTTE DIVISION

STEPHEN P. KELLY,
General Delivery.
U.S. Post office.
Wolf Creek, MT 59648,
Plaintiff,

vs.   CASE NO. CV 20-56-BU-BMM-JTJ.

THE CHURCH OF JESUS
CHRIST OF LATTER-DAY
SAINTS, a sole Utah
corporation, RUSSELL M.
NELSON, in his official
capacity, DAVID A. BEDNAR,
in his official capacity,

(1)

JEFFREY R. HOLLAND, in his official capacity, DIETER F. UCHTDORF, in his official capacity, and NEIL L. ANDERSON, in his official capacity, jointly, 50 E. North Temple Street, Salt Lake City, Utah 84150, Defendant(s).

## AMENDED COMPLAINT

Comes now the Plaintiff in the above captioned matter and does show cause for complaint as follows:

(1) This is an action sustained by, STEPHEN P. KELLY, hereinafter, Plaintiff KELLY, and sues the defendant's jointly, THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation; RUSSELL

(2)

M. NELSON, in his official capacity, DAVID A. BEDNAR, in his official capacity, JEFFREY R. HOLLAND, in his official capacity, DIETER F. UCHTDORF, in his official capacity, and NEIL L. ANDERSON, in his official capacity, alleging:

(a) violation of freedom of religious choice, (b) violation of free speech, (First Amendment), (c) unlawful concealment of church record's, and, (d) unlawful withholdence of church membership.

PARTIES

(2) Corporate defendant's, THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, exists as a sole Utah corporation, and obtains official oversight of its wards

(3)

within <u>numerous states</u>, which is made up of <u>church jurisdictional stakes</u> as such.

(3) Capacity defendant, RUSSELL M. NELSON, acts in his official capacity as President of the Church of Jesus Christ of Latter-Day Saints. He obtains primary authority over all matters world-wide, and obtains paramount and final decisions over all matters!

(4) Capacity defendant, DAVID A. BEDNAR, acts in his official capacity as <u>Lead apostle</u>, and is charged by church mandate to decide upon any request submitted by a church member seeking to terminate and remove their official church membership from the L.D.S. Church.

(4)

(5) Capacity defendant, JEFFREY R. HOLLAND, acts in his official capacity as an official member of the apostle board whom which makes a <u>joint decision</u> together with the other apostle's assigned to the concise quorum as to a member of the church whom which presents a written request to the church to terminate and remove their membership.

(6) Capacity defendant, DIETER F. UCHTDORF, acts in his official capacity as an official member of the apostle board whom which makes a <u>joint decision</u> together with the other apostle's assigned to the concise quorum as to a member of the church whom which presents a written request to the church to terminate and

(5)

remove their membership.

(7) Capacity defendant, NEIL L. ANDERSON, acts in his official capacity as an official member of the apostle board whom which makes a <u>joint decision</u> together with the other apostles assigned to the concise quorum as to a member of the church whom which presents a written request to the church to terminate and remove their membership.

### NATURE OF THE CASE

(8) At issue is a sincere (free speech) violation and (interference), secured pursuant to the first Amendment, where joint defendant's has in fact

based a most unlawful decision in which to deny and deprive Plaintiff, of his <u>Lawful right</u> in which to terminate his own church membership with the Church of Jesus Christ of Latter-Day Saints.

### JURISDICTION AND VENUE

(9) This court obtains jurisdiction over this case based upon diversity of citizenship, where <u>all parties</u> are citizens of different states. 28 U.S.C. § 1332.

(10) Corporate defendant's, obtains its principal place of business in the State of Utah, and is doing business in the State of Montana.

(11) Capacity defendant, RUSSELL M. NELSON, is the President of the Church of Jesus Christ of Latter-Day Saints, and has resided in the State of Utah at all times material to this action.

(12) Capacity defendant, DAVID A. BEDNAR, is a resident of the State of Utah, and has resided in Utah at all times material to this action.

(13) Capacity defendant, JEFFREY R. HOLLAND, is a resident of the State of Utah, and has resided in Utah at all times material to this action.

(14) Capacity defendant, DIETER F. UCHTDORF, is a resident of the State of Utah, and has resided in

Utah at all times material to this action.

(15) Capacity defendant, NEIL L. ANDERSON, is a resident of the State of Utah, and has resided in Utah at all times material to this action.

(16) Further jurisdiction of the court is predicated on violations of the First Amendment. (Freedom of religious choice), and (free speech).

(17) Plaintiff, STEPHEN P. KELLY, is a resident of the State of Montana, and has resided in Montana at all times material to this action.

(18) Venue is proper in the district of Montana because each event giving rise to this action, and

(9)

Plaintiff's concise injury and damages accrued in the district of Montana. 28 U.S.C. § 1391.

(19) The financial amount of damages in dispute is in excess of $75,000.

## STATEMENT OF FACTS

(20) Upon the face of this "ongoing" issue, the defendant's jointly, THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, and the concise four apostles named within this amended civil complaint, including the president of the church, RUSSELL M. NELSON, is and has been, refusing with clear intent to honor Plaintiff, KELLY'S religious based freedoms and rights in which to have his own L.D.S., church membership

(20)

terminated and removed from the official church record's!

(21) Plaintiff, KELLY, to date, and for a time period of in excess of six month's now has directed church official's in Utah to <u>without further delay, and interference</u> to terminate and remove his official church membership from the record's in Salt Lake city!

(22) <u>Now, new and plausible information rises</u> where, there are in fact <u>four consecutive apostles at the church headquater's in Salt Lake city Utah</u> whom which reside upon a church board over deciding <u>if a member may in fact terminate their own L.D.S., church membership or not!!</u>

(23) This right here alone <u>severely violates</u> KELLY'S rights secured under the First Amendment, (a) violation of <u>freedom of religious choice</u>, and (b) violation of <u>free speech</u>!

(24) The churche's legal department in Salt Lake City, Utah has in fact <u>made direct phone contact with Plaintiff, KELLY, and made most clear to him</u> that the official apostle board, articulating in the phone visit, defendant's, (1) David A. Bednar, (2) Jeffrey R. Holland, (3) Dieter F. Uchtdorf, and (4) Neil L. Anderson, has now on the concise date of December, 4th, 2020, based a sincere decision that KELLY's membership may not be terminated, or removed! without reason or cause!!!

(12)

(25) Upon a direct written appeal addressed to Pres. Russell M. Nelson, he, Nelson, also ratified, and condoned the apostle board's frivolous decision!

(26) Plaintiff, KELLY, now and to date suffers new and additional injury and (real), and (actual), damages solely caused and brought upon at the hands of joint defendant's, together and each of them, the apostle decision board made up of, Bednar, Holland, Uchtdorf, and Anderson, including the final and adopted decision of church Pres. Russell M. Nelson.

(27) The new and actual injury, and civil damages now rise where Plaintiff, KELLY for a lengthy time frame ever since December,

(13)

2020, has been unable to join, and place member-- ship in a (christian), church, Baptist church, in results that joint defendant's are right out refusing to, (a) remove his legal name from L.D.S., church record's in Salt Lake city, utah and (b) to further provide KELLY with an official termination letter verifying termination of L.D.S., church membership, severely (interferring), and preventing KELLY from placing membership in his new attending christian/ Baptist church, for these month's now past! (Spirit-- ual ), and emotional injury now exists !

CLAIM ONE

(28) Joint defendant's have in fact violated, and contin-- ue to violate Plaintiff's

(14)

freedom of religious choice in refusing with <u>clear intent</u> to remove and terminate Plaintiff's official church membership.

### CLAIM TWO

(29) Joint defendant's have violated, and continue to violate Plaintiff's lawfully secured right to free speech in his own church membership being terminated at his own free choice.

### CLAIM THREE

(30) Unlawful concealment exists as primary factor, where church official's are in fact withholding Plaintiff's church membership against privilege or consent per Plaintiff.

(15)

RELIEF

WHEREFORE, upon the premises considered, it is respectfully requested upon this honorable court the entry of a judgment as follows:

(a) enter declaratory judgment finding that Plaintiff is lawfully entitled to ensure his L.D.S. church membership be terminated without further delay.

(b) enjoin joint defendant's from continuing to deny Plaintiff, of his L.D.S. church membership being terminated and removed from church record's.

(c) award Plaintiff, with actual and punitive damage awards in an amount of $200,000, or an amount as deemed proper per this court.

(16)

I declare under penalty of perjury the foregoing to be true and correct.

Signed this 6th day of February, 2021.

_____
(SIGNATURE OF PLAINTIFF)
Stephen P. Kelly